UNITED STATES v. 20,550 POUNDS OF UNWASHED WOOL.

(District Court, N. D. New York. December 18, 1906.)

NEW TRIAL—GROUNDS—ESTOPPEL BY STIPULATION.

Where a claimant of alleged smuggled property, after a verdict of condemnation, secured the release of half of it by a stipulated judgment, and valuable evidence was also surrendered by the government and lost to it, the claimant will not be permitted to withdraw the stipulation and be granted a new trial, on the ground of newly discovered evidence, which is of doubtful value or could have been obtained on the trial by due diligence.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 37, New Trial, § 13.]

At Law. Motion by claimant to set aside the verdict of the jury, and a stipulation made after same was rendered, and for a new trial on the ground of newly discovered evidence.

S. L. Wheeler, for claimant.
Geo. B. Curtiss, U. S. Atty.

RAY, District Judge. This was an action to condemn 20,550 pounds of unwashed wool, on the ground same was smuggled into the United States from the Dominion of Canada contrary to law. The entire wool was seized, taken from the possession of the claimant, and examined, and samples, a large number, taken and carefully kept. These were produced in court as evidence and there examined by the court and jury and government witnesses from Canada familiar with Canada wool and wool grown in the United States, and the differences between the two in staple, etc., and manner of tying, etc., pointed out. As to a small part of the wool, comparatively, government officers, claimed to have seen it on a car at Hemingsford, Canada, shortly before it was brought into the United States, and to have put into it some

marked matches, and that one or two of these matches were found, after the seizure, in the wool in question, which wool, confessedly, had been opened and mixed with other wool by claimant after it came into his possession. The government showed that, at different times, Canada wool came to a certain firm in Hemingsford, a short distance from the boundary line between the two countries, and but a few miles from where the wool was seized, and in the indictment and early in the trial, which continued about two weeks, it appeared that the government claimed this wool was the wool or a part of the wool seized and claimed to have been smuggled.

The claimant therefore had ample opportunity to produce this firm, or one of its members, on the trial and account for this wool. There was time to do this after the trial opened and the claim of the government was developed. No effort was made to do this, and the new evidence relates to facts which claimant, in the exercise of due diligence, might have discovered before, or at least during, the trial. Again, after the jury had rendered its verdict in favor of the government, which was of such a nature the court would have been justified in rendering, and even required to render, a judgment condemning all the wool seized, the claimant in open court, to avoid such a judgment and save an appeal, proposed to stipulate, and then advisedly stipulated, that judgment should be rendered in favor of the government condemning 10,000 pounds of the wool and releasing the balance on condition claimant should pay costs, amounting to $1,200. Such judgment was duly rendered pursuant to such stipulation and thereupon and relying thereon the United States Attorney released to the claimant all of such wool exhibits, several hundred pounds, and he took possession thereof and turned them over to his counsel, who sold them to a wool dealer, and they have passed beyond the control and knowledge of the government and are not obtainable and could not be produced on a new trial. Through the action and procurement of the claimant, who now seeks a new trial and asks that such stipulation be set aside, this important and necessary evidence has been lost to the government and destroyed.

This fact alone requires that this motion be denied. But the new evidence consists in the alleged fact that claimant can now show by a small farmer living in Canada, near the line, who does not deal in wool, who had no use for wool, and who claims he procured it for a person who has not called for it, that he took the wool, into which it is alleged the government officials placed the marked matches, from the car in Hemingsford to his place, and has kept it ever since, and that on an examination thereof made since the trial the marked matches and all of them were found therein. Other persons, residing in Canada, have come into the United States and made affidavit that they have examined some wool at such farmer's place and found similar marked matches therein. Due diligence would have discovered all this in time to have made it available either before or during the trial. But I am not satisfied of the credibility of this farmer, and do not think this evidence would change the result in case a new trial were granted, if the government could have its evidence (the wool samples) before the jury.

By the action and conduct of the claimant since the verdict was rendered and the stipulation made the government has been induced to change its position for the worse, to surrender essential and important evidence to the claimant which he has, in effect, destroyed; and, as the government cannot be restored to its former position, on well-settled principles, the claimant cannot be relieved from his stipulation voluntarily made with a knowledge of all the facts known to the government. Again, the government had important witnesses from Canada on the trial, and it is uncertain that their attendance or testimony can be secured on a second trial.

Motion denied.